**CLD-080**                                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3310
_____

ANTHONY CALIFE BLOCKER,
Appellant

v.

TPR. NOEL VELEZ
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 5-16-cv-02227)
District Court Judge:  Honorable Mark A. Kearney
_____

Submitted for Possible Dismissal Due to Jurisdictional Defect,
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), and
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 21, 2016

Before:  FISHER, SHWARTZ and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed January 6, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Anthony Calife Blocker appeals the District Court's order dismissing his 42 U.S.C. § 1983 complaint. For the reasons discussed below, we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Blocker, who was awaiting trial on state-law charges of unlawfully selling a non-controlled substance, filed a § 1983 complaint in the District Court against Velez, the Pennsylvania State Trooper who arrested him. Blocker raised claims of false arrest, false imprisonment, malicious prosecution, and extortion. Blocker's complaint did not provide any factual support for these allegations; he attached to the complaint two letters from Velez, but neither supported his claims. The District Court dismissed Blocker's complaint without prejudice. The Court explained that Blocker's malicious prosecution claim failed as a matter of law because he had not established that his criminal proceedings had terminated in his favor, and that his other claims failed because Blocker had not made the requisite factual showing.

Blocker then filed an amended complaint that incorporated his earlier allegations and added the following paragraph from the criminal information that Velez had prepared: "On August 11, 2014 at approximately 14:10 hrs in the first block of Conestoga St, the Defendant did deliver approximately 1 gram of a NONcontrolled substance represented to be heroin to a Confidential Informant, in exchange for $60.00 U.S. Currency." The District Court again dismissed Blocker's complaint without prejudice, relying on both rationales provided in the initial order. Blocker appeals.

We have jurisdiction under 28 U.S.C. § 1291[1] and exercise plenary review over the District Court's order dismissing Blocker's amended complaint. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Because this appeal presents no substantial question, we will summarily affirm. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

We agree with the District Court's analysis, as most clearly set forth in its initial order. A "cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor." Heck v. Humphrey, 512 U.S. 477, 489 (1994). Blocker ultimately pleaded guilty to one count of selling a non-controlled substance represented as heroin, and that conviction has not been set aside; the District Court therefore properly dismissed this claim. See generally Curry v. Yachera, 835 F.3d 373, 379 (3d Cir. 2016).

While Blocker's other claims do not face this same bar, see Montgomery v. De Simone, 159 F.3d 120, 126 n.5 (3d Cir. 1998), the District Court correctly dismissed Blocker's complaint because it failed to state a claim. Blocker's allegations that Velez committed some type of misconduct are entirely conclusory, lack factual support, and do not establish a facially plausible claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Accordingly, we will affirm the District Court's dismissal

---

[1] Although the District Court dismissed Blocker's complaint without prejudice, in his notice of appeal, Blocker elected to stand on his complaint. Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam); see also Frederico v. Home Depot, 507 F.3d 188, 192 (3d Cir. 2007). Moreover, Blocker's appeal is timely. His time to file an appeal was extended under Fed. R. App. P. 4(a)(7)(A)(ii) because the District Court's dismissal order did not satisfy the requirements of the separate judgment rule. See Fed. R. Civ. P. 58(a); In re Cendant Corp. Sec. Litig., 454 F.3d 235, 241 (3d Cir. 2006).

of Blocker's complaint.  See, e.g., W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 169-70 (3d Cir. 2013).[2]

---

[2] Blocker's request for appointment of counsel on appeal is denied.  See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).