**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2813
_____

JOHNNIE MICKELL,
                                        Appellant

v.

JUDGE VITO P. GEROULO; SHANE SCANLAN; DANIEL
B. LIPSON; WARDEN TIMOTHY BETTI; LORI DAVIS,
Counselor; MARGARET MOYE, Judge; BRIAN WILLIAMS,
Probation Officer; KATHY KACIER, Clerk of Court

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-18-cv-01540)
District Judge:  Honorable A. Richard Caputo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 22, 2019
Before:  KRAUSE, MATEY, and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed November 22, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Johnnie Mickell appeals from the order of the District Court dismissing his complaint. We will affirm.

I.

The civil action at issue here is the second that Mickell has filed relating to his convictions in Lackawanna County, Pennsylvania. In the first action, Mickell alleged that defendants conspired to unlawfully detain him on two counts of public drunkenness in order to compel him to plead guilty to crimes that he did not commit. The District Court dismissed that action on numerous grounds, including that it was barred by Heck v. Humphrey, 512 U.S. 477 (1994), because success on his claims would imply the invalidity of his still-valid convictions. Mickell did not appeal, but he later filed a motion to reopen that action under Fed. R. Civ. P. 60(b). The District Court denied that motion and, on Mickell's appeal, we affirmed. See Mickell v. Weaver, 748 F. App'x 485 (3d Cir. 2019).

Shortly before filing that appeal, Mickell filed the civil action at issue here. This time, Mickell alleged that defendants conspired to unlawfully sentence him twice for driving under the influence, compelled him to plead guilty to a count of reckless endangerment with which he had not been charged, and unlawfully detained him for failure to pay court costs and fines. Mickell alleged that defendants did so in retaliation for his filing of the civil action described above. He named as defendants two state-court

2

judges, his public defender, the Lackawanna County District Attorney, and various court and prison officials and employees.

A Magistrate Judge granted Mickell leave to proceed in forma pauperis, screened his complaint pursuant to 28 U.S.C. § 1915(e)(2), and concluded that it failed to state a claim on which relief could be granted. The Magistrate Judge reasoned that Mickell's claims once again are barred in large part by Heck. The Magistrate Judge also concluded that Mickell's claims are barred by other principles as well, including judicial and prosecutorial immunity, and otherwise failed to state a claim. Thus, the Magistrate Judge recommended dismissing his complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Magistrate Judge also advised Mickell that he could file objections and that his failure to do so could result in the waiver of his appellate rights.

Mickell nevertheless did not object. After his time to do so expired, the District Court adopted the Magistrate Judge's recommendation and dismissed Mickell's complaint. Mickell appeals.[1]

## II.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's ruling only for plain error because Mickell did not object to the Magistrate Judge's recommendation despite a proper warning. See EEOC v. City of Long Branch, 866 F.3d

---

[1] Mickell also filed a motion for reconsideration with the District Court, which denied it, but that ruling is not before us because Mickell did not file another notice of appeal and his time to do so has expired. See Fed. R. App. P. 4(a)(1)(A), (a)(4)(B)(ii).

93, 100 (3d Cir. 2017); Brightwell v. Lehman, 637 F.3d 187, 193 (3d Cir. 2011). We discern no plain error here. Having carefully reviewed the record, we make that determination largely for the reasons explained by the Magistrate Judge.

Mickell, in his brief and other filings, raises only two issues on appeal. He argues that the District Court erred in dismissing his complaint (1) before service of process and (2) in the absence of a motion filed by any defendant. These arguments lack merit because § 1915(e)(2)(B)(ii) authorizes District Courts to sua sponte dismiss in forma pauperis complaints for failure to state a claim before service of process. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

One final issue requires discussion. The District Court, relying in part on Heck, dismissed Mickell's complaint with prejudice. Dismissals pursuant to Heck should be without prejudice to the plaintiff's ability to file suit in the future if the plaintiff successfully invalidates the convictions at issue. See Curry v. Yachera, 835 F.3d 373, 379 (3d Cir. 2016). The District Court, however, also dismissed Mickell's complaint on the basis of other legal defects that cannot be cured. In addition, our review of Mickell's complaint reveals that his allegations are too conclusory to state a plausible claim for relief, and our review of Mickell's numerous other filings below and on appeal reveals nothing suggesting that leave to amend would be anything other than futile. Thus, the District Court appropriately dismissed Mickell's complaint with prejudice.

III.

For these reasons, we will affirm the judgment of the District Court. Mickell's motions are denied.