**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3199
_____

AARON BRESSI,
Appellant

v.

JEFFERY BRENNEN; EDWARD PURCELL; CHRISTOPHER LAPOTSKIE;
CHAD YODER; CHRISTOPHER WILLIAMS; CHIEF WILLIAM CARPENTER;
TERRY KECHEM, Coal Township Police Officer; PATROLMAN ADAMS,
Coal Township Police Officer

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4-17-cv-01742)
District Judge: Honorable Matthew W. Brann

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 14, 2020
Before: AMBRO, GREENAWAY, JR. and PORTER, Circuit Judges

(Opinion filed: August 19, 2020)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant Aaron Bressi, proceeding pro se, filed a § 1983 civil rights action on September 20, 2017, against numerous Coal Township police officers alleging unlawful arrests and prosecutions on multiple occasions over a five-year period.[1]  Bressi claimed that he was first arrested in November 2011 by Officer Edward Purcell on charges that were based on false statements obtained from a family member.  He described an arrest by Purcell and Officer Jeffrey Brennan[2] based on false reports from a Northumberland County commissioner in May 2013.  He further stated that he was improperly charged three different times in one week in August 2015, after his neighbors called the police on him.  Bressi then recounted an incident in June 2016 where Officer Christopher Lapotsky attempted to intimidate Bressi into selling his house to one of Lapotsky's family members.

Additionally, Bressi alleged that he was assaulted in September 2016, and that he called 911 more than seven times over a 90-minute period.  Officer Purcell subsequently arrived at the scene, arrested Bressi, and took him to Coal Township police station.  There, he was verbally harassed by Officer Brennan, and when they were leaving the station so that he could be transported to a county prison, "Brennan grabbed [him] by [his] neck and threatened [him] and [his] future with [his] children."  Compl. at 6.

---

[1] Because we write primarily for the benefit of the parties, we will recite only the facts necessary for our discussion.

[2] Jeffrey Brennan's name was incorrectly spelled as "Jeffery Brennen" in Bressi's complaint.  Christopher Lapotsky's name was incorrectly spelled as "Lapotskie."

Brennan and Purcell threatened and harassed him "the whole way" to the prison. Id.

The defendants filed a motion to dismiss. The Magistrate Judge recommended that the motion to dismiss be granted because the charges accruing before 2015 were barred by the statute of limitations and because Bressi's claims arising from the August 2015 incidents were barred by Heck's favorable termination rule[3] or time-barred. The Magistrate Judge also determined that Bressi failed to state a claim under the Fourth or Fourteenth Amendments related to the June 2016 encounter, that Bressi failed to state a claim regarding the officers' failure to investigate his reports between June and August 2016, and that any claims (including possible claims of false arrest, false imprisonment, and malicious prosecution) arising from the September 2016 incident were barred by Heck. See ECF #41. The Magistrate Judge recommended that the excessive force claim be dismissed as Brennan used a "de minimis" amount of force on Bressi's neck. The District Court adopted the Magistrate Judge's Recommendation and granted leave to amend only the excessive force claim. All other claims were dismissed with prejudice.

Bressi filed an amended complaint, where he expounded on the September 2016 excessive force incident by alleging that, while he was being transported to Snyder County Prison, Officer Brennan grabbed Bressi by the neck and slammed him against a

---

[3] Heck v. Humphrey, 512 U.S. 477, 489 (1994) (holding that, where success in a § 1983 action would necessarily imply the invalidity of a conviction or sentence, an individual's suit for damages or equitable relief is barred unless he can demonstrate that his conviction or sentence has been invalidated).

concrete wall "for no reason whatsoever." See Am. Compl. at 20. Bressi attempted to add three more defendants and provide more information about the other incidents, but the additional defendants and all references to other dismissed claims were struck from the pleading. The Magistrate Judge again recommended dismissing the excessive force claim for failure to state a claim. Over Bressi's objections, the District Court adopted the Report and Recommendation and dismissed the amended complaint with prejudice. Bressi timely appealed.

We have jurisdiction to review the District Court's judgment pursuant to 28 U.S.C. § 1291. We review de novo the District Court's grant of the motions to dismiss pursuant to Rule 12(b)(6). See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018). To survive dismissal, a complaint must "state a claim to relief that is plausible on its face" by including facts that "permit the court to infer more than the mere possibility of misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). We accept all factual allegations in the complaint as true and construe those facts in the light most favorable to the plaintiff. Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012).

Section 1983 claims are subject to Pennsylvania's two-year statute of limitations. Bougher v. Univ. of Pittsburgh, 882 F.2d 74, 78-79 (3d Cir. 1989). For a claim of false arrest or false imprisonment, the limitations period begins to run when the plaintiff is detained pursuant to legal process. Wallace v. Kato, 549 U.S. 384, 389-90 (2007). For malicious prosecution claims, a § 1983 cause of action does not accrue until the

4

conviction or sentence has been invalidated or terminated favorably, whether by direct appeal or some other means.  Heck v. Humphrey, 512 U.S. 477, 489 (1994).  "Only once the criminal proceeding has ended in the defendant's favor, or a resulting conviction has been invalidated . . . , will the statute of limitations begin to run."  McDonough v. Smith, 139 S. Ct. 2149, 2158 (2019).

The District Court properly dismissed the claims arising out of the November 2011 incident (which did not result in a conviction) because they began to accrue outside the limitations period.[4]  However, the District Court erred to the extent that it dismissed the malicious prosecution claims arising from the other incidents under the statute of limitations.  Because the convictions in question do not appear to have been invalidated, the statute of limitations has yet to run.

Nonetheless, Bressi's claims arising out of May 2013, August 2015, and September 2016 (except for the excessive force claim) are barred by Heck v. Humphrey, 512 U.S. 477 (1994).  Under Heck, where success in a § 1983 action would necessarily imply the invalidity of a conviction or sentence, an individual's suit for damages or equitable relief is barred unless he can demonstrate that his conviction or sentence has been invalidated.  512 U.S. at 486-87.  If the conviction has not been invalidated, the claim is not cognizable under § 1983 and must be dismissed.  Id. at 487.

---

[4] The District Court properly considered the documents attached to appellees' motion to dismiss as they were matters of public record.  See Delaware Nation v. Pennsylvania, 446 F.3d 410, 413 n.2 (3d Cir. 2006).

5

Bressi was convicted pursuant to the May 2013, August 2015, and September 2016 incidents. Because Bressi's claims amount to challenges to the validity of his convictions, and because those convictions do not appear to have been invalidated, the claims are barred by Heck. However, the District Court erred in dismissing those claims with prejudice as Bressi may bring his malicious prosecution claims later if his convictions are later invalidated. See id. at 484-85 (stating that a § 1983 claim based on an allegedly unconstitutional conviction or sentence does not accrue until the invalidation of that conviction or sentence); Curry v. Yachera, 835 F.3d 373, 379 (3d Cir. 2016) (modifying dismissal of Heck-barred malicious prosecution claims to reflect that the claims are dismissed without prejudice).

Finally, we agree with the District Court that Bressi failed to state a claim of excessive force regarding the September 2016 incident.[5] The conduct Bressi describes may have been improper, but Bressi does not allege that he was harmed by the encounter, which, we conclude, did not rise to the level of a constitutional violation.[6] See Smith v.

_____

[5] To the extent that Bressi's brief can be read to challenge the District Court's dismissal of his claims against Lapotsky and his failure-to-investigate claim, we agree with the District Court's disposition of those claims. See DeShaney v. Winnebago Cty. Dep't of Soc. Servs., 489 U.S. 189, 195-96 (1989) ([A]n allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim.").

[6] Bressi argues that the District Court erred by failing to give him leave to amend his initial complaint before dismissing it, but we disagree. The District Court was required to give Bressi leave to amend his complaint "unless amendment would be inequitable or

6

Mensinger, 293 F.3d 641, 648 (3d Cir. 2002).

Accordingly, we will affirm the judgment of the District Court, but we will modify the order of dismissal as to the malicious prosecution claims to reflect that they are without prejudice.[7]

---

futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Granting leave to amend under these circumstances was not required as it would have been futile.

[7] Appellant's motion for a default judgment is denied.