CLD-155                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3581
_____

QUINTEZ TALLEY; MINORITIES OF PENNSYLVANIA;
PENNSYLVANIANS WITH MENTAL ILLNESS

v.

SUPREME COURT OF PENNSYLVANIA; CENTRE COUNTY'S COURTHOUSE;
DISTRICT ATTORNEY'S OFFICE CENTRE COUNTY; CENTRE COUNTY'S
DEFENDER ASSOCIATION; PA. DEPARTMENT OF CORRECTIONS; PA STATE
POLICE; HARRISBURG REGIONAL LABORATORY; TAMMY FERGUSON; LT.
WILLIAM FOSTER; CAPT. GLENN IRWIN; THOMAS SUCHTA; ROBERT
HEWITT; THOMAS GERALD LUKENS; DAVID PATRICK LINK; MICHAEL
WORSTELL; MICHAEL LEFEBVRE; BERNARD KARABINOS; ROBERT
WILLIAMSON; STEPHEN PROUDFIT; AMY BECKER; JOSHUA GLESSNER;
BRIAN WAKEFIELD; THOMAS M. STOCK; THOMAS KING KISTLER;
JONATHAN D. GRINE; PAMELA A. RUEST; BRADLEY P. LUNSFORD; J.
MICHAEL WILLIAMSON; STACY PARKS- MILLER; LINDSEY CATHERINE
FOSTER; DANIEL MCKENRICK; DAVID CROWLEY; CASEY MCCLAIN;
GABRIEL LLINAS; JEFFREY A. WAGNER; ALLEN SINCLAIR; STEVEN
LACKMAN

Quintez Talley,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-17-cv-01632)
District Judge:  Honorable James M. Munley
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 19, 2022
Before:  AMBRO, SHWARTZ and BIBAS, Circuit Judges

_____

OPINION[*]

_____

PER CURIAM

Quintez Talley appeals from the District Court's order granting Appellees' motions to dismiss his second amended complaint. For the reasons that follow, we will modify the District Court's order and summarily affirm the District Court's order as modified.

In his second amended complaint, Talley, a state prisoner, alleged that criminal charges were brought against him for starting fires in his cell on two occasions and for throwing liquid on correctional officers on two occasions. He stated that he was convicted and sentenced to 17.5 to 35 years in prison. He contended that his acts were not intentional violations of criminal law but rather were caused by his mental illness. He claimed that several defendants knew he was mentally ill but failed to bring this to the attention of the judge, jury, or prosecutor. He also alleged that African-Americans were systematically underrepresented in the jury venires from which his juries were drawn. From these factual allegations, Talley raised claims under several laws including the Americans with Disabilities Act ("ADA"), the First, Fourth, Sixth, Eighth, Thirteenth,

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

and Fourteenth Amendments, the Due Process Clause, and the Racketeering Influenced Corrupt Organizations Act ("RICO").

Appellees filed motions to dismiss the second amended complaint for failure to state a claim. A Magistrate Judge recommended that the motions to dismiss be granted. The District Court granted the motions to dismiss and dismissed the second amended complaint. Talley filed a notice of appeal. We have jurisdiction under 28 U.S.C. § 1291.

On appeal, Talley first argues that the District Court abused its discretion in failing to consider his motion to appoint counsel before granting the motions to dismiss. As Talley's claims are without arguable merit, Talley was not prejudiced by the District Court's failure to consider his counsel motion. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (in deciding whether to appoint counsel, court must make threshold determination of whether claim has arguable merit). Moreover, Talley is an experienced pro se litigator who clearly understands English, and the legal issues involved are not difficult. Id. at 155-56 (describing factors to be considered in deciding whether to appoint counsel).

Talley also contends that application of Heck v. Humphrey, 512 U.S. 477 (1994), to several claims was improper because he was found not guilty on some criminal charges. Talley, however, does not allege any harm he suffered from being prosecuted on these charges. He suffered no deprivation of liberty since he was already incarcerated and would have been detained on the other counts of conviction in any event. See Curry v. Yachera, 835 F.3d 373, 380 (3d Cir. 2016) (noting that because plaintiff was already

3

incarcerated before charges were brought and after they were dropped, he was not deprived of his liberty as a consequence of those charges).

With respect to his claims under the ADA, Talley asserts that the District Court erred in dismissing his ADA claims brought against individuals in their official capacities and dismissing his constitutional claims arising out of the ADA. The District Court, however, also based its dismissal of the ADA claims on Talley's failure to establish a prima facie case. We agree that Talley failed to make out a prima facie ADA claim. The ADA prohibits the exclusion of otherwise qualified participants from any program or benefits on account of their disability. To establish a violation of Title II of the ADA, a plaintiff must demonstrate that: (1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. See 42 U.S.C. § 12132. While Talley complains that several Appellees failed to inform others, including the jurors in his criminal cases, of his mental disability, he points to no program, service, or benefit that required those Appellees to do so. Nor has he alleged facts that would support a finding that he was excluded from any alleged program, service, or benefit because of his disability. Rather, in his second amended complaint, Talley asserts that he was prevented from presenting an insanity defense based on a state rule of criminal procedure which places a time limit on raising the defense. Thus, he concedes that his inability to present that defense was not by reason of his disability but rather because of his failure to timely assert the defense.

4

Finally, Talley argues that the District Court's conclusion that amendment of his complaint would be futile is undermined by its dismissal of several of his claims without prejudice. Talley does not, however, explain how he could state a claim if he were given yet another opportunity to amend his complaint. The District Court did not abuse its discretion in not giving Talley a third opportunity to amend his complaint. See Talley v. Wetzel, 15 F.4th 275, 286 (3d Cir. 2021) (reviewing denial of leave to amend for abuse of discretion).

We agree, however, that the dismissal without prejudice of several of Talley's federal claims is inconsistent with a conclusion that amendment would be futile. Because Talley is not entitled to another opportunity to amend his complaint, we will summarily modify the District Court's order to dismiss Talley's federal claims described in paragraph 6 at a-e of the order with prejudice for failure to state a claim. As the District Court stated in its memorandum that it intended to dismiss Talley's state law claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3), we will modify the District Court's order to do so. Because the appeal does not present a substantial question, we will summarily affirm the District Court's order as modified. Talley's motion for the appointment of counsel on appeal is denied, and his motion to strike his May 20, 2021 brief is granted.