**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1943
_____

LENA LASHER,
                    Appellant

v.

DEA AGENT THOMAS POPOWICH, Individually and in his official capacity;
DEA AGENT GERMANO, Individually and in his official capacity;
DEA AGENT MATTHEW MURPHY, (Clifton, NJ Police Task Force)
Individually and in his official capacity; DEA AGENT JOHN SHERIDAN, Individually
and in his capacity; DEA AGENT ANTHONY J. REGO, Individually and in his
capacity; DEA AGENT STEVEN FISCHER, Individually and his official capacity;
DRUG ENFORCEMENT ADMINISTRATION (DEA)
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 2:17-cv-12061)
District Judge: Honorable Esther Salas
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 11, 2022
Before:  KRAUSE, BIBAS, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: October 12, 2022)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Lena Lasher appeals the dismissal of her claims alleging constitutional violations pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). For the reasons that follow, we will affirm the District Court's judgment.

In 2015, following a ten-day jury trial, Lasher was convicted of several offenses relating to mail and wire fraud conspiracies involving misbranded drugs. She was sentenced to three years' imprisonment. The United States Court of Appeals for the Second Circuit affirmed her convictions, and the Supreme Court denied her petition for a writ of certiorari. Lasher has since sought various forms of relief from her convictions, filing, among other things, a habeas petition, malpractice actions, and numerous other cases and appeals.

In 2017, Lasher initiated a lawsuit in the District Court against various federal agents and the agency involved in her criminal case. The District Court granted Lasher's request to proceed in forma pauperis, screened her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and dismissed it sua sponte. The District Court concluded that Lasher failed to state a claim because all her claims appeared barred by the favorable-termination rule of <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). Lasher timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of the District Court's sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to

2

state a claim. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000); see also Garrett v. Murphy, 17 F.4th 419, 424 (3d Cir. 2021) ("A suit dismissed under Heck is dismissed for failure to state a claim."). In our review, "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (citation omitted).

We agree with the District Court that Lasher's claims were barred by the favorable termination rule in Heck. "In Heck, the Supreme Court held that a [42 U.S.C.] § 1983 suit should be dismissed when 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.'" Long v. Atl. City Police Dep't, 670 F.3d 436, 447 (3d Cir. 2012) (quoting Heck, 512 U.S. at 487)); see also Garrett, 17 F.4th at 426 ("Heck's favorable-termination requirement applies to Bivens actions.").

Lasher alleged that she was wrongfully convicted in 2015 based on discriminatory treatment, false testimony, and fabricated evidence. She claimed that certain defendants suppressed exculpatory evidence and provided perjured testimony to frame her for crimes she did not commit. However, if these claims were successful, they would necessarily imply the invalidity of Lasher's convictions. Because Lasher has not shown that her convictions have been set aside, she cannot bring these claims at this time. See Curry v. Yachera, 835 F.3d 373, 379 (3d Cir. 2016).

3

For these reasons, we will affirm the judgment of the District Court.