CLD-223                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1909
_____

JOHN SMITH,
                                        Appellant

v.

JUDGE VITO P. GEROULO; JUDGE MICHAEL BARASSE;
DISTRICT ATTORNEY MARK POWELL

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:21-cv-01634)
District Judge:  Honorable Robert D. Mariani

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 28, 2023
Before:  SHWARTZ, MATEY, and FREEMAN, *Circuit Judges*

(Opinion filed October 16, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

John Smith, proceeding pro se and in forma pauperis, sued two state-court judges and a prosecutor under 42 U.S.C. § 1983. He alleged that the defendants deprived him of several constitutional rights by failing to timely hold a *Grazier*[1] hearing and to timely rule on his Pennsylvania Post-Conviction Relief Act ("PCRA") petition.[2] For relief, Smith asked the District Court "to order the defendants to immediately hold a *Grazier* hearing so I can proceed pro se and immediately resolve my PCRA proceedings." ECF No. 1 at 5.

Adopting a Magistrate Judge's report and recommendation over Smith's objections, the District Court dismissed the complaint with prejudice under 28 U.S.C. §§ 1915A(b)(1) and § 1915(e)(2)(B)(ii) for failure to state a claim. Smith appeals.

We have jurisdiction under 28 U.S.C. § 1291. Our review is plenary. *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000). We may affirm on any basis supported by the record. *See Murray v. Bledsoe*, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

---

[1] *Commonwealth v. Grazier*, 713 A.2d 81, 82 (Pa. 1998) ("When a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one.").

[2] He filed his initial PCRA petition in October 2019 to challenge his conviction for indecent assault of a minor less than 13 years of age, corruption of minors, simple assault, and endangering the welfare of a child. *See Commonwealth v. Smith*, Docket No. CP-35-CR-0000119-2017.

Because no substantial issue is raised on appeal, *see* 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6, we will affirm the dismissal with a modification.

As the District Court noted, and as Smith concedes, Smith received a *Grazier* hearing shortly after he filed his complaint in the District Court. *See also Commonwealth v. Smith*, Docket No. CP-35-CR-0000119-2017. Accordingly, his request for relief with respect to the *Grazier* hearing became moot. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that . . . prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").

Furthermore, the District Court was (and is) without authority to grant Smith's request for an order directing the defendants to immediately resolve his PCRA proceedings.[3] *See In re Wolenski*, 324 F.2d 309, 309 (3d Cir. 1963) (per curiam) (explaining that "it is clear that the district court had no jurisdiction" to order a state court to issue a decree and opinion on a petition pending before it).

For these reasons, the District Court properly dismissed the complaint. However, because the District Court lacked jurisdiction, Smith's complaint should have been dismissed without prejudice for lack of jurisdiction instead of with prejudice under 28

---

[3] Although his request for relief could be read to request only a *Grazier* hearing, the District Court resolved the ambiguity in Smith's favor, which seems correct based on Smith's further discussion of his claim in his objections and in the document he filed in support of appeal in this court.

3

U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii*). See N.J. Physicians, Inc. v. President of U.S.*, 653 F.3d 234, 241 n.8 (3d Cir. 2011) (explaining that dismissals for lack of subject matter jurisdiction are "by definition without prejudice"). Accordingly, we modify the judgment to dismiss the complaint without prejudice. *Cf. Curry v. Yachera*, 835 F.3d 373, 379–80 (3d Cir. 2016) (modifying order of dismissal). We will affirm the District Court's judgment as modified.[4]

---

[4] Smith's request for appointment of counsel is denied.