**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2854
_____

GREGORY LEWIS BRADLEY, JR.,
                                        Appellant

v.

HERMAN AVERY SAYRE; JOHN ARMOUR; WILLIAM SHOUPPE
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:22-cv-00065)
District Judge: Honorable Lisa P. Lenihan (by consent)
_____

Submitted Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2), or for
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
on January 25, 2024

Before: BIBAS, MATEY, and CHUNG, Circuit Judges

(Opinion filed: February 8, 2024)
_____

_____

OPINION*

_____

PER CURIAM

Gregory Lewis Bradley, Jr., filed a civil rights suit under 42 U.S.C. § 1983 against a police officer (Sayre), a magisterial district judge (Armour), and the warden of a county jail (Schouppe[1]). Bradley attached to his operative pleading a criminal complaint prepared by the police in Beaver County, Pennsylvania. That complaint contained an affidavit of probable cause documenting the observation by Sayre of Bradley repeatedly striking a woman, and of strangulation marks on her neck. Bradley claimed that there were technical defects in the warrant and criminal complaint, which rendered his arrest and detention unlawful under the Fourth and Fourteenth Amendments.[2]

The parties consented to have the case heard by a federal magistrate judge (the District Court). The District Court granted the motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) filed by Armour, determining that he was protected by the Eleventh Amendment and by the doctrine of absolute judicial immunity because "Judge Armour was acting within his jurisdiction when he issued the arrest warrant, accepted the

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Spelled as in the decisions on review.

[2] Bradley raised these same arguments in state court in support of a motion to suppress/quash. He lost. See DC ECF No. 67-2. Bradley's pretrial habeas petition, moreover, was summarily dismissed by the District Court, see Bradley v. Shouppe, DC Civ. No. 2:21-cv-01632, ECF No. 11 (W.D. Pa. Jan. 10, 2022) (order), and he did not appeal that decision.

criminal complaint, arraigned Plaintiff, set bail and executed the Commitment Order to the Beaver County Jail." DC ECF No. 47 at 7. The District Court also granted the Rule 12(b)(6) motion filed by Schouppe, since he was "protected by quasi-judicial immunity for complying with the Commitment Order of Judge Armour." DC ECF No. 47 at 8. The District Court resolved that, based on its immunity rulings, allowing Bradley to further amend his pleading would be futile.

The District Court then issued a case management order to govern proceedings between Bradley and the remaining defendant, Sayre. Months later, Sayre filed a motion for summary judgment, which the District Court granted. The District Court determined that Bradley's claims against Sayre were Heck-barred.[3] The District Court pointed to the fact that "Bradley entered into a nolo contendere plea for a simple assault charge brought by Defendant Sayre," and that, "[u]nder Pennsylvania law, that plea must be treated the same as a conviction under Heck." DC ECF No. 69 at 5-6. Because Bradley's conviction was still intact, Heck applied. The District Court determined further that, even if any of Bradley's federal claims somehow survived Heck, they were without merit because his arrest was undeniably supported by probable cause (i.e., by Sayre's personal observation of Bradley committing the offense for which he was ultimately convicted).[4] Finally, the District Court declined to exercise supplemental jurisdiction over any state-law claims Bradley may have raised.

---

[3] Under the 'favorable termination rule' of Heck v. Humphrey, 512 U.S. 477 (1994), unless and until a conviction is invalidated, a claimant's damages action is barred if its success would necessarily undermine that conviction. See id. at 486-87.

[4] It does not appear that Bradley has ever proclaimed factual innocence.

Bradley timely appealed. We have jurisdiction under 28 U.S.C. § 1291. Our review is de novo. See Schmidt v. Skolas, 770 F.3d 241, 248 (3d Cir. 2014) (providing standard of review for orders granting Rule 12(b)(6) motions); U.S. ex rel. Schumann v. Astrazeneca Pharms. L.P., 769 F.3d 837, 849 (3d Cir. 2014) (same, for amendment-futility rulings); Burns v. Pa. Dep't of Corr., 642 F.3d 163, 170 (3d Cir. 2011) (same, for orders granting summary judgment).

The District Court properly disposed of Bradley's case, and there is little to add to the analysis set forth in its memorandum opinions. In particular, we agree with the District Court's Heck analysis. See, e.g., Curry v. Yachera, 835 F.3d 373, 378 (3d Cir. 2016) ("Curry entered a *nolo contendere* plea for the charges brought by Yachera, and under Pennsylvania law, that plea must be treated the same as a conviction under Heck."). There is no indication in the record before the District Court that Bradley even pursued, let alone obtained, postconviction relief.

We also agree with the District Court that Armour and Schouppe are immune from suit. See Mireles v. Waco, 502 U.S. 9, 12–13 (1991) (per curiam) ("If judicial immunity means anything, it means that a judge 'will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority.'"); Hamilton v. Leavy, 322 F.3d 776, 782–83 (3d Cir. 2003) (explaining that "action taken pursuant to a facially valid court order receives absolute immunity from § 1983 lawsuits for damages").

Therefore, for the reasons given by the District Court, we will summarily affirm the judgment below. See 3d Cir. L.A.R. 27.4 (2011); 3d Cir. I.O.P. 10.6 (2018).