**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1023
_____

JUSTIN MOHN,
                                              Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:22-cv-03535)
District Judge:  Honorable Mark A. Kearney

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 26, 2023
Before:  JORDAN, CHUNG, and NYGAARD, Circuit Judges

(Opinion filed: July 3, 2023)
_____

OPINION*
_____

**PER CURIAM**

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Justin Mohn, proceeding pro se, appeals from an order of the District Court dismissing his complaint brought pursuant to the Federal Tort Claims Act ("FTCA"). For the following reasons, we will affirm the District Court's judgment with a modification.

Mohn attended the Pennsylvania State University between 2010 and 2014. To finance his education, he borrowed direct student loans through the U.S. Department of Education. Six months after graduating with a bachelor's degree in agribusiness management in 2014, Mohn began making payments at a rate of $165 per month; pursuant to an income-based repayment plan, this was later reduced to $80.45 per month. But, Mohn says, he has been unable to secure a job commensurate with his education or sufficient to enable him to maintain his student loan payments. He attributes his situation to employers' "perc[eption of] him as an overeducated, white male[,] which led to affirmative action against him whilst providing no benefits," and caused him to move home to live with his parents. Compl. ¶ 12, ECF No. 1 at 154.

In April 2022, Mohn filed a complaint in the United States District Court for the Eastern District of Pennsylvania against the Department of Education and its Secretary, alleging that they negligently and fraudulently induced him to borrow money to pay for his education without sufficiently warning him of the possibility that he would face a difficult job market and could be unable to pay back his loan.[1] With Mohn's consent, the District Court granted a motion to substitute the United States as the lone defendant;

---

[1] Mohn filed a similar complaint in March 2022; after Mohn amended that complaint once, the District Court dismissed it without prejudice to refiling. See Mohn v. Cardona, No. 2:22-cv-00773, 2022 WL 1121414 (E.D. Pa. April 14, 2022).

simultaneously, the District Court dismissed the complaint with prejudice, concluding that the claims were barred by sovereign immunity and untimely. Mohn appeals.[2]

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994). Once the United States substitutes itself for a defendant,[3] district courts only have subject-matter jurisdiction over a plaintiff's claims "if the United States has explicitly waived its sovereign immunity." Vanderklok v. United States, 868 F.3d 189, 201 (3d Cir. 2017). The United States waives sovereign immunity under the FTCA for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under the circumstances where the United States, if a private person, would be liable." 28 U.S.C. § 1346(b)(1).

However, the FTCA's broad waiver of immunity is limited by a number of exceptions, including one at issue here that preserves the Government's immunity for "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, *misrepresentation, deceit*, or interference with contract rights." 28 U.S.C. § 2680(h) (emphasis added). "[T]he essence of an action

---

[2] We have jurisdiction under 28 U.S.C. § 1291 and review de novo the District Court's dismissal for lack of subject-matter jurisdiction. See Metro. Life Ins. Co. v. Price, 501 F.3d 271, 275 (3d Cir. 2007). We construe Mohn's pro se filings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

[3] As noted above, Mohn consented to the substitution in the District Court, see ECF No. 10 at 7, 15; see also ECF No. 13 at ¶ 1, and he has not challenged the substitution on appeal.

for misrepresentation, whether negligent or intentional, is the communication of misinformation on which the recipient relies." Block v. Neal, 460 U.S. 289, 296 (1983). "It is the substance of the claim and not the language used in stating it which controls. A plaintiff cannot, therefore, circumvent the misrepresentation exception simply through artful pleading of its claims." Omnipol, A.S. v. Multinational Def. Servs., LLC, 32 F.4th 1298, 1306 (11th Cir. 2022) (cleaned up).

For substantially the same reasons given by the District Court in its thorough opinion, we conclude that Mohn's claims all stem from the alleged misrepresentation or deceit of the Department of Education and its employees; therefore, they fall within the exception in § 2680(h) to the FTCA's waiver of immunity. See generally Mem. 4–9, ECF No. 12. Mohn's complaint alleged that, at the time he took out his student loans, the Department of Education had "ample knowledge and data" to support a prediction that he would be unable to pay back his loan but failed—through misstatements and omissions—to communicate that risk to him. See Compl. 155–56 & 158, ¶¶ 13, 15 & 21. He now points to the infrequency with which his complaint uses the words "misrepresentation" and "fraud" to demonstrate that his claims were for something else. See generally Appellant Br. 22–24, CA3 ECF No. 6. He asserts that his claims are not solely based on the communications made at the time he borrowed, but also for the act of supplying him with the loan itself "under omissions." Id. at 25. Like the District Court, we see this as a distinction without a difference. See Mem. 9 ("[Mohn] has no independent negligence claim; his entire action is based on communication of misinformation or omission of

4

information by the United States.").[4] The basis of his claim is that through some combination of fraud, misrepresentation, or deceit, he was not made aware at the time he borrowed of a risk that his student loan could become financially burdensome. The United States is immune from that claim.[5]

However, when a district court dismisses claims for lack of subject matter jurisdiction, the dismissal should be without prejudice. See N.J. Physicians, Inc. v. President of U.S., 653 F.3d 234, 241 n.8 (3d Cir. 2011) (explaining that dismissals for lack of subject matter jurisdiction are "by definition without prejudice"). Accordingly, we modify the District Court's judgment to dismiss the complaint without prejudice. Cf. Curry v. Yachera, 835 F.3d 373, 379–80 (3d Cir. 2016) (modifying order of dismissal). We will affirm the District Court's judgment as modified.

---

[4] Mohn continues to assume that his negligence claim can be premised on the United States' having breached a fiduciary duty owed to him "as a lender to a borrower," citing cases based on Texas law. See, e.g., Appellant Br. 31 (citations omitted); see also Compl. 157, ¶ 15(c) (asserting, without citation, that "[t]here are precedents when a lender is obligated to a fiduciary duty with the borrower"). Although we question the viability of that theory even in the context of the cases that he cites, it is sufficient to note that, contrary to Mohn's assumption, creditor/debtor relationships generally do not give rise to fiduciary duty. See, e.g., Paradise Hotel Corp. v. Bank of Nova Scotia, 842 F.2d 47, 53 (3d Cir. 1988).

[5] Because this issue is dispositive, we need not resolve the question of whether Mohn filed his complaint or exhausted his administrative remedies in a timely fashion.