**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1077
_____

ZAFAR IQBAL,
                                        Appellant
v.

BPOA, PA STATE BOARD OF MEDICINE; CHIEF DONALD K. COKUS,
North Fayette Township Police Department, City of Pittsburgh;
CURAHEALTH PITTSBURGH, LLC; STEVEN JONES, MD; PHILIP
POLLICE, MD; MICHAEL WEIS, MD; A.D. LUPARIELLO, MD;
KIMBERLEY FERKETIC; MELISSA SMITH; C. ROSS BETTS,
MD; UPMC PASSAVANT HOSPITAL; AMERICAN RENAL
ASSOCIATES, LLC; FRESENIUS MEDICAL CARE, INC.

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-23-cv-00832)
Magistrate Judge:  Honorable Patricia L. Dodge

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 9, 2024

Before:  SHWARTZ, RESTREPO, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed:  July 29, 2024)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Zafar Iqbal, M.D., appeals from orders dismissing his complaint under Fed. R. Civ. P. 12(b)(6) and denying his motion for relief from that judgment under Fed. R. Civ. P. 60(b)(3). We will affirm.

I.

Iqbal is a physician who has faced allegations of sexual misconduct since at least 2003. In that year, Fresenius Dialysis Center terminated his practice privileges following allegations by several nurses. In 2016, UPMC Passavant revoked his hospital privileges following an investigation into allegations by another nurse. And in 2018, Curahealth Pittsburgh, LLC, suspended him following an investigation into allegations by still another nurse. Those allegations led to his conviction that same year of assault and harassment following a bench trial in Allegheny County, Pennsylvania. Finally, on November 2, 2020, and following a hearing, Iqbal's license to practice medicine in Pennsylvania was revoked by the Pennsylvania Board of Professional and Occupational Affairs ("BPOA") and the State Board of Medicine ("the Board"). On Iqbal's petition for review, the Commonwealth Court of Pennsylvania affirmed. See Iqbal v. Bureau of Pro. & Occupational Affairs, No. 1190 C.D. 2020, 2022 WL 1131987 (Pa. Commw. Ct. Apr. 18, 2022), allowance of appeal denied, 286 A.3d 709 (Pa. 2022), cert. denied, 143 S. Ct. 786 (2023), reh'g denied, 143 S. Ct. 1777 (2023).

Iqbal later filed pro se the civil action at issue here against numerous defendants, including his two most recent accusers, others who provided testimony and evidence in his prior proceedings, the BPOA and the Board, and health care providers that terminated

2

his privileges. Iqbal filed suit under 42 U.S.C. § 1983 alleging that all of these defendants violated his constitutional rights by either making or acting on the accusations against him, which he claimed were false. His requests for relief included requests for damages, "reversal" of his conviction, and restoration of his license.

All defendants except Kimberly Ferketic[1] filed motions to dismiss Iqbal's complaint under Rile 12(b)(6). Iqbal responded to each with responses and other filings in which he expounded on his claims at length. The District Court, acting through a Magistrate Judge on the parties' consent under 28 U.S.C. § 636(c), granted defendants' motions and dismissed Iqbal's complaint with prejudice. Iqbal then filed a motion for relief under Rule 60(b)(3). The court denied that motion, and Iqbal appeals both rulings.[2]

II.

The District Court dismissed Iqbal's claims for numerous reasons, but we need only address two of them.

First, the court dismissed Iqbal's claims against all defendants other than American Renal Associates LLC ("ARA") and Dr. C. Ross Betts under the two-year statute of limitations that applies to § 1983 actions arising in Pennsylvania. See Kach v.

---

[1] The District Court dismissed Iqbal's claims against Ferketic (one of his accusers) by order entered October 19, 2023, because she passed away before he filed suit and he did not name or serve her estate. Iqbal does not challenge or even mention that ruling on appeal, so we do not address it further except to note that both grounds for dismissal discussed later in this opinion apply to Ferketic too.

[2] We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the dismissal of a complaint under Rule 12(b)(6). See Curry v. Yachera, 835 F.3d 373, 377 (3d Cir. 2016). We review the denial of a motion under Rule 60(b)(3) for abuse of discretion. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008).

3

Hose, 589 F.3d 626, 634 (3d Cir. 2009). The court did so because all of Iqbal's claims against the other defendants accrued at the latest upon the revocation of his license on November 2, 2020, more than two years before he filed his complaint on May 17, 2023, and because some had accrued much earlier (including his claims against Fresenius for terminating his privileges in 2003).

Iqbal provides no basis to disturb that ruling. He argues that he was entitled to equitable tolling because, due to the COVID-19 pandemic, it took the Commonwealth Court about a year and a half to decide his petition for review. But as the District Court explained, Iqbal's claims regarding the revocation of his license accrued when the BPOA and Board revoked it in 2020, not when the Commonwealth Court affirmed that ruling. See Pakdel v. City and Cnty. of San Francisco, 594 U.S. 474, 475 (2021) (per curiam) (applying "the settled rule that exhaustion of state remedies is not a prerequisite to an action under 42 U.S.C. § 1983" outside the prison context) (cleaned up); Kelly v. City of Chicago, 4 F.3d 509, 511-13 (7th Cir. 1993) (holding that § 1983 claim related to revocation of liquor license accrued when license was officially revoked and that "[t]he availability of a state appeals process had no different effect on the accrual date").

Iqbal also argues that these limitations periods should have been tolled by fraud allegedly committed at the BPOA hearing. But Iqbal appears to mean only that the evidence presented at that hearing was false, and he does not claim to have been unaware of that alleged fact at the time. Nor has he raised any other persuasive challenge to the

4

court's application of the statute of limitations. Thus, we will affirm that ruling with the one modification noted in the margin.[3]

Second, the court dismissed Iqbal's claims against ARA and Dr. Betts (and most other defendants) on the ground that they are not state actors for purposes of § 1983. Iqbal's claims against ARA and Dr. Betts are that they terminated his minority ownership interest in ARA after his medical license was revoked. Iqbal does not squarely argue the point, but we agree with the District Court that he has not raised anything suggesting that this alleged conduct could be deemed state action for purposes of § 1983. Although Iqbal alleges that these defendants terminated his ownership because the state revoked his license, that mere fact does not plausibly transform these defendants' wholly private conduct into conduct by the state as required under § 1983. See Kach, 589 F.3d at 646; Benn v. Universal Health Sys., Inc., 371 F.3d 165, 171 (3d Cir. 2004). Nor does Iqbal argue that the District Court should have let him amend his complaint on this point or that he could allege anything plausibly suggesting state action as to these defendants if given another chance.

_____

[3] One of Iqbal's claims is that defendants Melissa Smith and Donald Cokus provided false evidence in the proceeding leading to his 2018 Allegheny County conviction. This claim will not accrue unless that conviction is invalidated. See McDonough v. Smith, 588 U.S. 109, 115-19 (2019) (applying the delayed-accrual rule of Heck v. Humphrey, 512 U.S. 477 (1994), to a similar claim). Iqbal sought such invalidation in his complaint by requesting that his conviction be "reversed." The proper vehicle for that request is a habeas petition, not a § 1983 action. See id. at 118 & n.6. Nevertheless, because this claim against Smith and Cokus has not yet accrued, we will modify the judgment to reflect that the dismissal of this claim is without prejudice to Iqbal's ability to assert it if his conviction is invalidated by other means. See Curry, 835 F.3d at 379. But we note that Smith and Cokus might be immune from this claim to the extent that it is based on their testimony in court. See Briscoe v. LaHue, 460 U.S. 325, 341-46 (1983).

Finally, Iqbal also challenges the denial of his Rule 60(b)(3) motion, in which he claimed fraud on the court. But as the District Court explained, Iqbal appears to claim only that certain defendants committed "fraud" by presenting false evidence in his prior proceedings. Iqbal cannot proceed with those claims for the reasons explained by the District Court and as discussed herein, and he did not raise anything in his Rule 60(b)(3) motion even arguably requiring a different result.

## III.

For these reasons, we will affirm the judgment of the District Court as modified by note 3 of this opinion.