NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1740
_____

REZA FARZAN,
Appellant

v.

JUDGE PATRICIA CLEARY, Retired Judge; JUDGE KATIE A. GUMMER; JUDGE
CLARKSON S. FISHER; JUDGE THOMAS W. SUMNERS, JR.; JUDGE PAUL
INNES; CHIEF JUSTICE STUART RABNER; ATTORNEY GENERAL GURBIR S.
GREWAL; MICHELLE SMITH, Superior Court Clerk; CHRISTINE G. HANLON,
County Clerk; NEW JERSEY OFFICE OF FORECLOSURE; MONMOUTH COUNTY
HALL OF RECORDS; JANE DOE 1 THROUGH 10; JOHN DOE 1 THROUGH 10;
JUDGE JOSEPH QUINN

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-19-cv-00705)
District Judge:  Honorable Michael A. Shipp

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 5, 2024

Before:  BIBAS, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed: August 29, 2024)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant, Reza Farzan, was subject to foreclosure proceedings in New Jersey state court. In 2019, he commenced this civil rights action in the District Court against the state-court judges, government officials, and offices involved in the foreclosure proceedings, claiming that they had violated numerous federal and state laws. The defendants moved to dismiss the amended complaint. The District Court granted their motions and dismissed the amended complaint on the ground that Farzan's claims were barred by New Jersey's claim-preclusion rules. Farzan moved for reconsideration and sought leave to file a second amended complaint, but the District Court denied his requests. He appealed.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's order dismissing the complaint. See Curry v. Yachera, 835 F.3d 373, 377 (3d Cir. 2016). We review the District Court's orders denying reconsideration and leave to amend for abuse of discretion. See Long v. Atl. City Police Dep't, 670 F.3d 436, 446 & n.20 (3d Cir. 2012); Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 272 (3d Cir. 2001). We may affirm on any basis supported by the record. See Erie Telecomms, Inc. v. City of Erie, 853 F.2d 1084, 1089 n.10 (3d Cir. 1988).

We will affirm on the alternative ground that, based on the allegations in the amended complaint, the defendants were entitled to immunity. Specifically, Chief Justice Stuart Rabner and Judges Patricia Del Bueno Cleary, Katie A. Gummer, Clarkson S. Fisher, Jr., Thomas W. Sumners, Jr., Paul Innes, and Joseph P. Quinn were entitled to absolute judicial immunity because the actions of which Farzan complains were taken in

2

their judicial capacities, see Stump v. Sparkman, 435 U.S. 349, 355–57 (1978); New Jersey Superior Court Clerk Michelle Smith and Monmouth County Clerk Christine Hanlon were entitled to quasi-judicial immunity for fulfilling their responsibilities as employees of the New Jersey Judiciary,[1] see Russell v. Richardson, 905 F.3d 239, 247 (3d Cir. 2018); the New Jersey Office of Foreclosure, an "arm" of the New Jersey Judiciary, was entitled to quasi-judicial immunity for fulfilling its obligation to docket litigants' filings and judicial orders related to foreclosure actions, see id.; and Attorney General Gurbir S. Grewal was entitled to Eleventh Amendment immunity for his alleged actions relating to Farzan's complaints, see Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess, 297 F.3d 310, 323 (3d Cir. 2002). Given that all of the defendants were immune from Farzan's suit, dismissal was proper.

Moreover, the District Court acted within its discretion in denying Farzan's motion for reconsideration. "[A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion [to dismiss]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Farzan did not show that the District

---

[1] Farzan also named the "Monmouth County Hall of Records" as a defendant, but, according to defendant Hanlon, there is no governmental entity by that name. Br. in support of Mot. to Dismiss 3–4, ECF No. 19-1. Moreover, Farzan does not appear to pursue any claims against this defendant in his brief. Therefore, we deem such claims abandoned. See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993).

Court overlooked any factual or legal matters that affected its disposition of the matter. In fact, he did not challenge the District Court's application of New Jersey's claim preclusion rules at all; instead, he continued to dispute the facts surrounding the assignment of his mortgage and note. To the extent that he requested leave to file a second amended complaint in order to present evidence that in 2010, the New Jersey Judiciary included his name in the "Group 3 List," this fact would not have affected the District Court's determination that Farzan's claims were barred, and Farzan did not provide any justification for his failure to discover the information sooner.[2] See Cureton, 252 F.3d at 272–73.

For these reasons, we will affirm the judgment of the District Court.[3]

---

[2] To the extent that Farzan argued in his motion for reconsideration that the District Court erred in staying this matter pending our ruling in Farzan's related action, Farzan v. J.P. Morgan Chase Bank, N.A., No. 19-3925, 2022 WL 17336211, at *2 (3d Cir. Nov. 30, 2022), we discern no error in the court's implicit decision not to reconsider that ruling. See Texaco, Inc. v. Borda, 383 F.2d 607, 608–09 (3d Cir. 1967).

[3] Appellant's motion to file separate reply briefs is granted.