AMENDED DLD-022                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2570
_____

JERRY JERON DANIELS, Appellant

v.

DAUPHIN COUNTY DISTRICT ATTORNEY'S OFFICE, ET AL;
HARRISBURG BUREAU OF POLICE, ET AL.
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-23-cv-01909)
District Judge: Honorable Yvette Kane
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 31, 2024

Before: RESTREPO, FREEMAN, and NYGAARD, Circuit Judges

(Opinion filed: December 18, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jerry Jeron Daniels appeals pro se the District Court's order granting appellee's motion to dismiss. He has also filed a motion in this Court requesting appointment of counsel. Because his appeal does not present a substantial question, we will summarily affirm the District Court's order, and deny his motion for appointment of counsel as moot. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

As we write primarily for the litigants who are familiar with both the facts and procedural posture of this case, we recount only the facts necessary to understand the appeal. In August 2023, appellant Daniels filed a complaint with the Pennsylvania Commonwealth Court, in which he alleged that he was wrongfully arrested and maliciously prosecuted by the named defendants. **ECF No. 1-1.** After the case was transferred to the Court of Common Pleas of Dauphin County, Pennsylvania, the Dauphin County District Attorney's Office filed a notice of removal to federal court under federal question jurisdiction. 28 U.S.C. §§ 1331 & 1441(a). **See also** **ECF No. 1.**

The District Attorney of Dauphin County then filed a motion to dismiss Daniels' complaint for failure to state a claim, arguing that Daniels failed to assert any facts to support his claims, and that, even if he had, Daniels' cause of action was barred by the favorable termination rule set in Heck v. Humphrey, 512 U.S. 477 (1994). **ECF No. 2.** The District Court assigned review of the motion to a magistrate judge, who, based on public record legal documents generated by Daniels' probation status and plea agreement, filed a report which recommended granting the motion for substantially the same reasons

2

as set forth in the District Attorney's motion.[1] **ECF No. 19.** Daniels filed an objection to the report, in which he baldly asserted that the documents relied on by the Report were the product of fraud. **ECF No. 20 at 1-3.** The District Court overrode Daniels' objections, adopted the magistrate judge's report, and dismissed the complaint with prejudice. **ECF No. 23.** This timely appeal followed. **CA ECF No. 1.**

This Court has jurisdiction pursuant to 28 U.S.C. § 1291 and exercises de novo review over both the grant of a motion to dismiss and dismissal of a complaint on screening pursuant to 28 U.S.C. § 1915A. Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018); Dooley v. Wetzel, 957 F.3d 366, 373-74 (3d Cir. 2020). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). In coming to this determination, a court may also consider extrinsic documents which are "integral to or explicitly relied upon in the complaint," In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (citation omitted), as well as undisputedly authentic documents attached to a motion to dismiss. Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). We construe

---

[1] At this point in the proceedings, only the Dauphin County District Attorney's Office had responded to the action, as it appears the Harrisburg Bureau of Police had never been served. **ECF No. 1 at 4; see also ECF No. 19 at 2 ("Harrisburg City has not entered its appearance in this matter, and it does not appear to have been served with original process.")** As a result, the District Court relied on its screening authority, pursuant to 28 U.S.C. § 1915A when dismissing the claims against the Bureau of Police.

Daniels' pro se pleadings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

We will summarily affirm the District Court's order on its own reasoning. As the Report and Recommendation correctly concluded, all of Daniels' claims are barred on their face by the favorable termination rule provided by Heck v. Humphrey. 512 U.S. 477 (1994). **ECF No. 19 at 9-11.** This rule requires that a suit for monetary damages brought under 42 U.S.C. § 1983 be dismissed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." See Heck, 512 U.S. at 487; see also Long v. Atl. City Police Dep't, 670 F.3d 436, 447 (3d Cir. 2012).

We agree with the District Court's determination that the Heck rule requires dismissal of Daniels' action. Daniels' complaint asserts malicious prosecution and alleges that his arrest and subsequent prosecution were the result of a conspiracy between the named defendants, and seeks damages "in excess of $500,000." **ECF No. 1-1.** If Daniels' claims were successful, they would necessarily impugn the validity of his criminal conviction, as they would require a court to hold that Daniels' arrest and conviction were the product of illegal activity. To proceed, therefore, Daniels must show that his conviction has been overturned or otherwise invalidated. Because he cannot make this showing, see Commonwealth v. Daniels, 2023 WL 6209602, *1 (Pa. Super. Ct. Sept. 25, 2023), and his suit seeks monetary damages, **see ECF No 1-1**, Daniels' claims are barred by Heck. 512 U.S. at 487.

However, the District Court's order dismissed Daniels' action with prejudice. Because Daniels' wrongful conviction and malicious prosecution claims were dismissed as <u>Heck</u>-barred, the District Court's July 31, 2024 order must be modified to reflect that the dismissal of those claims is *without* prejudice. <u>See</u> <u>Curry v. Yachera</u>, 835 F.3d 373, 379 (3d Cir. 2016) (citation omitted).

Accordingly, we will modify the District Court's July 31, 2024 order in the manner described above, and will summarily affirm the order as modified. 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. Daniels' motions for appointment of counsel and to compel the Bureau of Prisons are denied as moot.