**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1967
_____

JELENA LUKE TODOROVIC CLEMENTE,

Appellant

v.

COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF TRANSPORTATION
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil Action No. 2:25-cv-00414)
District Judge: Honorable William S. Stickman, IV
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 27, 2025
Before: MATEY, MONTGOMERY-REEVES, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed October 31, 2025)
_____

OPINION[*]
_____

PER CURIAM

    Pro se appellant Jelena Torodovic Clemente appeals from the District Court's

dismissal of her complaint. For the reasons that follow, we will affirm the District

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Court's judgment with one modification.

This case stems from a dispute between Clemente and the Pennsylvania Department of Transportation ("PennDOT").[1] Clemente owns a property in Leechburg, Pennsylvania that is adjacent to PennDOT property. In March 2025, Clemente filed a federal complaint raising state law claims, contending that PennDOT was negligent, trespassed onto her property, and caused a public nuisance. PennDOT filed a motion to dismiss, which the District Court granted. Clemente timely appealed.

We agree with the District Court's dismissal of Clemente's complaint.[2] Under the Eleventh Amendment, states and arms of the states are generally immune from suit in federal court. See Geness v. Admin. Office of Pa. Courts, 974 F.3d 263, 269 (3d Cir. 2020). Clemente does not dispute in her appellate brief that PennDOT is an arm of the state for this purpose, and we have recognized that it is. See Merritts v. Richards, 62 F.4th 764, 771-72 (3d Cir. 2023); Daye v. Pennsylvania, 483 F.2d 294, 295-99 (3d Cir. 1973). Although a state may waive its Eleventh Amendment immunity, see Koslow v. Pennsylvania, 302 F.3d 161, 168 (3d Cir. 2002), Pennsylvania has not done so. See 42 Pa. C.S.A. § 8521(b); Lavia v. Pa. Dep't of Corr., 224 F.3d 190, 195 (3d Cir. 2000). Clemente argues that Congress abrogated PennDOT's Eleventh Amendment immunity

---

[1] Because we write primarily for the parties, we will recite only the facts necessary for our discussion.

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the District Court's dismissal of Clemente's complaint based on sovereign immunity. See Geness v. Admin. Office of Pa. Courts, 974 F.3d 263, 269 (3d Cir. 2020).

when it enacted 28 U.S.C. § 1343, but that statute provides that federal district courts have original jurisdiction to adjudicate certain types of civil rights cases; it does not address any waiver of sovereign immunity.

Clemente also contends that the District Court misconstrued her complaint to include only state-law claims and that she actually sought to bring constitutional claims alleging violations of her Fourth and Fourteenth Amendment rights based on the "trespassing and damage to [her] property." See Appellant's Br. at ECF p. 11 n.1. Even if she had included these claims in her complaint — which explicitly asserted diversity jurisdiction, sought relief under state law, and did not discuss violations of the federal constitution — this reframing would not have aided her. Such claims must be brought pursuant to 42 U.S.C. § 1983, but "Congress did not abrogate Eleventh Amendment immunity via § 1983."[3] Downey, 968 F.3d at 310.

Accordingly, the District Court correctly concluded that dismissal was appropriate, as state sovereign immunity prohibits Clemente from pursuing her claims against PennDOT in federal court. Amendment would have been futile under these circumstances, as Clemente could not add any factual allegations to overcome this barrier to relief. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Finally, because "Eleventh Amendment immunity is a threshold, nonmerits issue[,] . . . a dismissal on that basis, like dismissals for lack of jurisdiction, should

---

[3] To the extent that Clemente discusses any other issues for the first time in her reply brief, we do not consider them. See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 146 (3d Cir. 2017).

3

normally be without prejudice." See Merritts v. Richards, 62 F.4th 764, 772 (3d Cir. 2023) (internal quotation marks and citations omitted).  Accordingly, we modify the District Court's judgment to dismiss Clemente's complaint without prejudice.  Cf. Curry v. Yachera, 835 F.3d 373, 379 (3d Cir. 2016) (modifying order of dismissal).

      For these reasons, we will affirm the judgment of the District Court as modified.