**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2480
_____

FAYCAL MANZ,
                    Appellant

v.

WALMART SUPERCENTER,
Secaucus #3520

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:24-cv-09676)
District Judge: Honorable Brian R. Martinotti

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 17, 2026
Before:  KRAUSE, RESTREPO, and PORTER, *Circuit Judges*

(Opinion filed: February 27, 2026)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se Appellant Faycal Manz appeals the District Court's order dismissing his amended complaint with prejudice. We will affirm the judgment as modified.

I.

Manz, who is from Germany, visited Walmart Supercenter in New Jersey. He attempted to access the store's Wi-Fi services, but he was unable to connect because he was required to enter a United States phone number. Manz sued Walmart, contending that Walmart's policy violates Title II of the Civil Rights Act of 1964, *see* 42 U.S.C. § 2000a, which prohibits discrimination based on national origin in places of public accommodation, because the policy "effectively segregates and excludes international visitors from essential services." Manz also brought various state-law claims, including unfair trade practices, breach of contract, and negligent infliction of emotional distress. Manz sought damages, as well as declaratory and injunctive relief.[1]

Walmart filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which the District Court granted. The District Court explained, among other reasons, that Manz did not plausibly allege a discrimination claim, and that further

---

[1] Manz initially sought only damages, but he also wished to obtain declaratory and injunctive relief in his second amended complaint. *See* 42 U.S.C. § 2000a-3 (contemplating only civil actions for injunctive relief under Title II); *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402 (1968) (per curiam) ("When a plaintiff brings an action under [Title II], he cannot recover damages."). The District Court acknowledged that Manz's second amended complaint was unauthorized, but it considered the amendment for the purposes of addressing Walmart's motion to dismiss and considering whether Manz could amend to state a claim. We will follow the District Court's lead.

2

amendment of the complaint would be futile. The District Court also declined to exercise supplemental jurisdiction over Manz's state-law claims. The District Court dismissed Manz's amended complaint with prejudice. Manz timely appealed.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal of Manz's claims. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 206 (3d Cir. 2009). Dismissal is appropriate "if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that [the] plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011).

## III.

The District Court correctly dismissed Manz's discrimination claim under Title II. Manz did not plead any facts plausibly showing that Walmart treated individuals outside his protected class differently or otherwise displayed discriminatory animus. *See United States v. Lansdowne Swim Club*, 894 F.2d 83, 88 (3d Cir. 1990); *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 350 & n.2 (5th Cir. 2008). Even if a disparate-impact claim were cognizable under Title II, *see Hardie v. Nat'l Collegiate Athletic Ass'n*, 876 F.3d 312, 319 (9th Cir. 2017), Manz's complaint alluded to disparate impact in wholly conclusory terms. He pleaded no facts supporting that Walmart's policy

3

disproportionately excluded foreign nationals.[2] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Further, the District Court did not abuse its discretion in determining that granting further leave to amend would have been futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Thus, we will affirm the District Court's judgment insomuch that it dismissed Manz's Title II claim against Walmart with prejudice. We will also affirm the District Court's judgment dismissing Manz's state-law claims for lack of jurisdiction, but as modified so that the dismissal is without prejudice.[3] *See Doe v. Mercy Cath. Med. Ctr.*, 850 F.3d 545, 567 (3d Cir. 2017); *N.J. Physicians, Inc. v. President of U.S.*, 653 F.3d 234, 241 n.8 (3d Cir. 2011); *Curry v. Yachera*, 835 F.3d 373, 379–80 (3d Cir. 2016).

---

[2] As such, we do not reach the other issues presented by the parties, including whether Manz satisfied § 2000a-3(c)'s procedural requisites, and whether Manz adequately pleaded that Walmart was a public accommodation.

[3] We deny Manz's motion to disregard Walmart's brief and supplemental appendices. We grant Walmart's motion for leave to file its brief and supplemental appendices, and those filings have been considered.