CLD-115 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-3579
_____

PRESTON WAYNE WALTERS,
Appellant

v.

LAUREL HARRY, Superintendent; INF. U.M. MS. NEWSOME, Infirmary Unit
Manager; MS. CRILEY, Law Librarian Supervisor; MR. SCHINBELLY, Law Librarian

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1:22-cv-01802)
District Judge: Honorable Yvette Kane

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 16, 2026
Before: BIBAS, PHIPPS, and NYGAARD, *Circuit Judges*

(Opinion filed: May 12, 2026)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant Preston Walters, proceeding pro se and in forma pauperis, appeals from the District Court's order dismissing his complaint. We will summarily affirm.

Walters, a Pennsylvania state prisoner, filed a complaint under 42 U.S.C. § 1983, alleging violations of his constitutional rights while he was incarcerated at SCI Camp Hill. More specifically, in his second amended complaint, Walters alleged that while he was in SCI Camp Hill's infirmary, defendants violated his First Amendment right of access to the courts by failing to provide him with access to the law library or legal materials, despite his repeated requests. For relief, he sought "compensation."

Defendants moved to dismiss the complaint. The District Court granted defendants' motion but gave Walters 30 days to file a third amended complaint. The court cautioned him that it would be his final opportunity to amend, and that the case could be dismissed if he did not do so. Approximately one year later, the District Court gave Walters an additional 21 days to amend. He did not do so. Consequently, the District Court entered an order dismissing the case with prejudice. Walters timely appealed. He did not file anything in support of his appeal, but filed a motion for appointment of counsel.

We have jurisdiction under 28 U.S.C. § 1291 to consider this appeal. We review the District Court's order granting the defendants' Rule 12(b)(6) motion de novo, *see United States ex rel. Bookwalter v. UPMC*, 946 F.3d 162, 168 (3d Cir. 2019), and we "accept all factual allegations as true and construe the complaint in the light most

2

favorable to the plaintiff." *Curry v. Yachera*, 835 F.3d 373, 377 (3d Cir. 2016). We may summarily affirm if the appeal fails to present a substantial question. *See* 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

We agree with the District Court that Walters's complaint fails to state a claim upon which relief can be granted. An inmate raising an access-to-courts claim must allege an "actual injury"—that he lost a chance to pursue a nonfrivolous or arguable claim challenging his conviction or conditions of confinement. *See Monroe v. Beard*, 536 F.3d 198, 205-06 (3d Cir. 2008) (per curiam); *Rivera v. Monko*, 37 F.4th 909, 915 (3d Cir. 2022). To establish actual injury, "[t]he complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" *Monroe*, 536 F.3d at 205-06 (quoting *Christopher v. Harbury*, 536 U.S. 403, 416-17 (2002)). Walters did not plead a claim under those standards.

While the complaint sets forth allegations that Walters was denied legal resources at SCI Camp Hill, it fails to allege that Walters lost a chance to pursue or is currently being prevented from pursuing a nonfrivolous, arguable, underlying claim. To the extent that Walters described his underlying claim at all, he did not describe it well enough to show that it is "nonfrivolous" or "arguable." *Monroe*, 536 F.3d at 205. As the District Court noted, "[a]t most, [Walters's] second amended complaint broadly and vaguely asserts," ECF 44 at 11 n.7, that a fellow inmate explained to him that his arrest was "illegal" because the "affidavit of probable cause was never signed by the issuing

3

authority" and that his PCRA appeal—at the time pending before the Pennsylvania Supreme Court—would not have been denied as time-barred had he been given access to the law library. ECF 25 at 19.[1] At no point does Walters show that this underlying claim is, in fact, meritorious. Thus, he failed to establish that his underlying claim is "more than hope," and dismissal was proper.[2] *See Christopher*, 536 U.S. at 416.

Accordingly, we will summarily affirm the District Court's judgment. Walters's motion for appointment of counsel is denied.

---

[1] In state court, Walters alleged that the "Magisterial District Justice failed to sign and seal the Criminal Complaint and Affidavit of Probable Cause," thus invalidating his arrest. *See Commonwealth v. Walters*, 290 A.3d 678, 678 (Pa. Super. Ct. 2022). This claim was rejected under state law. *Id.* at 678 n.1. To the extent Walters separately challenges the legality of his arrest, that claim is likewise unlikely to provide a basis for federal habeas relief. *See Gerstein v. Pugh*, 420 U.S. 103, 119 (1975) (stating "the established rule that illegal arrest or detention does not void a subsequent conviction").

[2] We note that the District Court provided Walters with two opportunities to amend his pleading—over defendants' objections—to "adhere to the standards set forth by the Court" in the memorandum accompanying the order of dismissal, but he opted to stand on his second amended complaint.

4