**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-1783
_____

SCOTT CORSNITZ;
GWENDOLYN CORSNITZ,
                                        Appellants

v.

COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF ENVIRONMENTAL
PROTECTION; FELICIA LAMPHERE; RON EBERT; ANDREA BLOSSER; SCOTT
WILLIAMSON; DEREK ENDERS

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:22-cv-01363)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 1, 2025
Before:  BIBAS, FREEMAN, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: April 3, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Scott and Gwendolyn Corsnitz (together, the "Corsnitzes") appeal pro se from the District Court's order dismissing their complaint. We will affirm the District Court's order and judgment with a modification that the entire dismissal be without prejudice.

I.

The Corsnitzes alleged that,[1] in 2012, they bought a 72-acre property in Dauphin County, Pennsylvania, with the intention to farm the property. In 2014, the Pennsylvania Department of Environmental Protection ("DEP") received a confidential complaint that earth disturbance activities were happening at the property. Over the next two years, DEP employees Lamphere, Ebert, Blosser, Williamson, and Enders (the "Individual Defendants"), acting in their official capacities with DEP, entered the property several times without notice to, or permission from, the Corsnitzes.

In 2016, the Individuals Defendants participated in issuing a formal DEP Administrative Order ("AO") which asserted that the Corsnitzes' earth disturbance activities violated state environmental laws. The AO directed the Corsnitzes to comply with various remediation efforts. The Corsnitzes filed an appeal to the Environmental Hearing Board, which issued a February 2018 order dismissing the appeal based on an adjudication that the AO was reasonable, necessary and lawful. The Commonwealth

---

[1] In this appeal from the District Court's order dismissing the complaint, we consider the allegations in the complaint and the public records of the state administrative and judicial proceedings that form the basis of the plaintiffs' claims. See Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010).

Court quashed the Corsnitzes' petition for review as untimely, and the Pennsylvania Supreme Court denied review

In 2021, DEP filed a petition in the Commonwealth Court asserting that the Corsnitzes had not complied with the AO. In March 2022, the Commonwealth Court entered an order which directed the Corsnitzes to comply with essentially the same remediation efforts described in the AO, and which provided for a fine of $100 per day for each day they failed to comply with the court's order. The Pennsylvania Supreme Court denied the Corsnitzes' petition for allowance of appeal in August 2022 and denied reconsideration in September 2022.

The Corsnitzes filed a counseled complaint in the District Court in September 2022. They named DEP and the Individual Defendants, in their official capacities only, as defendants. See ECF 1 at ¶¶ 26, 31.[2] The complaint brought civil rights claims under 42 U.S.C. § 1983 and sought a declaration that the defendants' actions constituted an unconstitutional trespass and taking; an injunction prohibiting the defendants from all enforcement actions related to the site; and money damages. The District Court granted the defendants' motion to dismiss on sovereign immunity grounds, dismissing some claims with prejudice and others without prejudice. This appeal ensued.

II.

_____

[2] The District Court construed the complaint to assert claims against the Individual Defendants solely in their official capacities, and the Corsnitzes have not objected to that construction, so we do the same. See Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985); Melo v. Hafer, 912 F.2d 628, 636 (3d Cir. 1990).

3

We have jurisdiction under 28 U.S.C. § 1291. See Merritts v. Richards, 62 F.4th 764, 772 & n.4 (3d Cir. 2023). We exercise plenary review over the District Court's dismissal on sovereign immunity grounds. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 694 (3d Cir. 1996).

III.

We agree with the District Court's determination that the Corsnitzes' claims are similar to certain claims we addressed in Merritts, 62 F.4th at 772, and that the defendants are likewise entitled to sovereign immunity here. The Eleventh Amendment generally protects a state or state agency from suit in federal court unless Congress has specifically abrogated the state's immunity, or the state has waived it. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100–01 (1984); Karns v. Shanahan, 879 F.3d 504, 513 (3d Cir. 2018); Pennsylvania v. Lockheed Martin Corp., 681 F.3d 503, 504 (3d Cir. 2012). The Eleventh Amendment also protects state officials from suit when the suit is in fact against the state. See A.M. ex rel. J.M.K. v. Luzerne Cnty. Juv. Det. Ctr., 372 F.3d 572, 580 (3d Cir. 2004) ("A suit against a governmental official in his or her official capacity is treated as a suit against the governmental entity itself."). Here, the Corsnitzes' claims, which were brought against a Pennsylvania state agency, DEP, and against its employees acting in their official capacities only, are barred by sovereign immunity. See generally Merritts, 62 F.4th at 772.

The Corsnitzes have primarily argued that the Ex parte Young exception to sovereign immunity applies to their claims against the Individual Defendants. See Ex

4

parte Young, 209 U.S. 123, 155–56 (1908). Among other conditions for this exception to apply to official-capacity claims, "there must be both an ongoing violation of federal law and a request for relief that can be properly characterized as prospective." Merritts, 62 F.4th at 771. Neither of those conditions is met by the complaint here. The Corsnitzes failed to allege an ongoing violation, as the alleged trespasses by the named defendants happened in the past. See id. at 772. And the state's acquisition of a right to enforce the conditions of the DEP Administrative Order occurred in a "proceeding that concluded before this lawsuit was filed." Id. The "lingering effects of that discrete past action do not convert it into an ongoing violation." Id.[3] Moreover, the relief that the Corsnitzes seek is not prospective, as they essentially seek a "reparative injunction" to cure the effects of past actions taken by the DEP and its employees. Id. Thus, the Ex parte Young exception does not apply here.

The Corsnitzes also argue that the defendants have waived sovereign immunity, but there is no support for that argument given the civil rights claims that were raised

___

[3] On appeal, the Corsnitzes have claimed that the threat, or imposition, of a $100 daily fine constitutes an ongoing violation. See Appellants' Br. at 10. But they did not raise this argument in the District Court, and they have not developed it on appeal. See Higgins v. Bayada Home Health Care Inc., 62 F.4th 755, 763 (3d Cir. 2023) ("Because [Appellant] failed to develop her [ ] argument below and has made only passing reference to it on appeal, we deem that argument forfeited."). In any event, the Corsnitzes failed to plead the personal involvement of any of the named defendants in this alleged ongoing violation, as it appears that the Commonwealth Court is the entity that would impose any such fine. See generally Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (explaining that a "defendant in a civil rights action must have personal involvement in the alleged wrongs").

here.  See generally Lavia v. Pa. Dep't of Corr., 224 F.3d 190, 195 (3d Cir. 2000) ("The Pennsylvania legislature has, by statute, expressly declined to waive its Eleventh Amendment immunity.") (citing 42 Pa. C.S.A. § 8521(b)).  To the extent that the Corsnitzes argue that Congress abrogated Pennsylvania's sovereign immunity here, we note that Congress did not do so through the enactment of § 1983, the federal law pursuant to which the Corsnitzes proceeded.  See Downey v. Pa. Dep't of Corr., 968 F.3d 299, 310 (3d Cir. 2020).

Accordingly, we will affirm the judgment of the District Court, but with a modification that the entire dismissal be without prejudice.  See Merritts, 62 F.4th at 772 (explaining that a dismissal on the basis of sovereign immunity "should normally be without prejudice"); see also Curry v. Yachera, 835 F.3d 373, 379 (3d Cir. 2016) ("modify[ing] the order of dismissal . . . to reflect that these claims are dismissed without prejudice").