**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-1038

_____

JOHN HART,
                                    Appellant

v.

KATHRYN GORDON, individually and in her official capacity as
a detective for the City of Philadelphia Police Department

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:14-cv-03097)
District Judge: Honorable Chad F. Kenney

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on December 31, 2025

Before: BIBAS, CHUNG, and BOVE, Circuit Judges

(Opinion filed: January 6, 2026)

_____

———————

OPINION[*]

———————

PER CURIAM

Pro se Appellant John Hart appeals the District Court's order granting Detective Kathryn Gordon's summary judgment motion and denying his summary judgment motion. We will affirm.

I.

We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

This case arises out of Hart's arrest for alleged crimes against a victim who was his ex-girlfriend. Hart sued several officials who participated in the investigation and prosecution, including Appellee Philadelphia Police Detective Kathryn Gordon. As amended, Hart's complaint raised five claims for damages against Gordon in her individual and official capacities: 1) Violation of 42 U.S.C. § 1983; 2) False Arrest/False Imprisonment; 3) Abuse of Process; 4) Intentional Misrepresentation; and 5) Malicious Prosecution. Eventually, both parties moved for summary judgment. The District Court denied Hart's motion and granted Gordon's, entering judgment in favor of Gordon. Hart timely appealed as to his claims against Gordon only.

———————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

## II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's summary judgment ruling, *see Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014), and we may affirm the District Court for any reason supported by the record, *see Rivera v. Redfern*, 98 F.4th 419, 422 (3d Cir. 2024). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if the evidence is sufficient for a reasonable factfinder to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Hart specifically takes issue with the District Court's rejection of his false arrest, false imprisonment, abuse of process, and malicious prosecution claims. We will address each claim in turn.

## III.

We start with Hart's false arrest claim. "In a claim for false arrest, 'a plaintiff must establish (1) that there was an arrest; and (2) that the arrest was made without probable cause.'" *Lozano v. New Jersey*, 9 F.4th 239, 245 (3d Cir. 2021) (citation omitted). Probable cause exists if there is a "fair probability" that the person committed the crime at issue. *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 467 (3d Cir. 2016) (citation omitted). At a minimum, there is no genuine material factual dispute that the evidence established a fair probability that Hart committed a harassment offense. *See* 18 Pa. Cons. Stat. Ann. § 2709(a). And according to the any-crime rule, a police officer defendant can defeat a

3

false arrest claim by showing that there was probable cause to arrest the plaintiff for "any offense that could be charged under the circumstances." *Rivera-Guadalupe v. City of Harrisburg*, 124 F.4th 295, 299, 303 (3d Cir. 2024) (citation omitted).

Hart argues that the affidavit of probable cause lacked sufficient information establishing a fair probability that he committed a crime *in Philadelphia*, as evidenced by the jurisdictional dismissal of the prosecution against him. The District Court properly rejected this argument as a matter of law, reasoning that probable cause "is not contingent upon proper jurisdiction." Dist. Ct. Dkt. No. 42 at 10 n.7.

Further, Gordon was entitled to qualified immunity on the false arrest and false imprisonment claims. It was not clearly established that the absence of jurisdiction, under the circumstances presented, negates probable cause. *See Lozano*, 9 F.4th at 245–46. The fact that the charges were approved by both the District Attorney's Office and a state court magistrate adds additional force to that conclusion. *See Kelly v. Borough of Carlisle*, 622 F.3d 248, 255–56 (3d Cir. 2010); *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012).

Moving forward, the District Court properly rejected Hart's abuse of process claim because he failed to present any evidence from which a reasonable factfinder could determine that Gordon pursued criminal charges against him for any reason other than intended by law. *See Rose v. Bartle*, 871 F.2d 331, 350 n.17 (3d Cir. 1989). Although Hart maintained that the criminal action was improper, he presented no evidence that Gordon used the criminal proceedings for an improper purpose. *See Gen. Refractories Co. v. Fireman's Fund Ins. Co.*, 337 F.3d 297, 305 n.2 (3d Cir. 2003). Without supporting

evidence, Hart's speculative allegations that Gordon's actions were personally, rather than professionally, motivated were insufficient to survive summary judgment. *See Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir. 1989).

Furthermore, we will not disturb the District Court's determination that there were no triable issues to sustain Hart's malicious prosecution claim under § 1983. To prevail, Hart needed to show, among other things, that Gordon initiated a criminal proceeding without probable cause, and that Hart "suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016) (quoting *Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007)). The District Court properly explained that Gordon did not deprive Hart of his liberty when Gordon pursued the charges because Hart was already in custody at that time, and when the charges were dropped, Hart remained in custody. *See Curry*, 835 F.3d at 380. We therefore agree with the District Court's decision to grant summary judgment as to Gordon on the malicious prosecution claim.

Finally, to the extent that Hart's complaint could be construed as raising state-law claims for false arrest, false imprisonment, abuse of process, and malicious prosecution, we agree with the District Court that Gordon has immunity from liability under the Pennsylvania Political Subdivision Tort Claims Act. *See* 42 Pa. Cons. Stat. Ann. §§ 8541–42, 8545, 8550; *see also Sanford v. Stiles*, 456 F.3d 298, 315 (3d Cir. 2006). There is no record evidence from which a reasonable factfinder could determine that Gordon acted maliciously.

We have considered Hart's remaining arguments and concluded that they are without merit. So we will affirm the District Court's judgment.