**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-2259

_____

MICHAEL WEST,
                              Appellant

v.

KEVIN P. MATTHEWS, In his official capacity as FBI
Agent; MEGAN LINARES, In her Official Capacity as
United States Attorney; ADAM NELSON SUBVERI,
In his official capacity as Assistant United States Attorney

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:21-cv-15122)
District Judge:  Honorable Jamel K. Semper

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 2, 2026
Before:  KRAUSE, RESTREPO, and PORTER, *Circuit Judges*

(Opinion filed: January 16, 2026)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Michael West appeals from orders dismissing his complaint and denying his motion under Fed. R. Civ. P. 60(b). We will affirm.

I.

In 2012, West pleaded guilty to federal child pornography charges in the District of New Jersey. He did so pursuant to a plea agreement in which he acknowledged that his plea would require him to register as a sex offender. West has unsuccessfully challenged his conviction many times over the years, including in motions under 28 U.S.C. § 2255. See, e.g., In re West, 745 F. App'x 470 (3d Cir. 2018) (per curiam).

At issue here is a civil action that West filed in 2021. He named as defendants an FBI agent and two Assistant United States Attorneys who apparently were involved in a search of his residence and his arrest in 2010. West claimed that the search and his arrest, though wrongful, were "verbally legalized" in a 2020 proceeding relating to his sex-offender registration. He further claimed that this proceeding was unlawful, though he did not claim that the defendants played any role therein. He sought both removal from the sex-offender registry and $25 million in damages.

The defendants moved to dismiss the complaint on several grounds, and the District Court granted their motion. The court held that: (1) West did not have a damages remedy under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971); (2) West's claims were barred by Heck v. Humphrey, 512 U.S. 477 (1994), to the extent that they sought relief from the consequences of his conviction by claiming that his conviction was invalid; and (3) defendants were entitled

2

to qualified immunity because West did not allege that they played any role in his 2020 registration-related proceeding and thus did not allege that they violated any clearly established federal law.

West then filed a motion under Rule 60(b) seeking reopening and leave to amend. The court denied that motion by text order, and West appeals both rulings.[1]

II.

We will affirm the dismissal of West's complaint substantially for the reasons explained by the District Court. We briefly address four of his arguments on appeal.

First, West relies on Barnes v. Felix, 605 U.S. 73 (2025), for several propositions, including that he is not subject to sex-offender registration and that the court should have held a hearing. But Barnes does not stand for those propositions. Barnes instead rejected the "moment-of-threat" rule that the Fifth Circuit applied to Fourth Amendment excessive-force claims. Id. at 79. Neither that holding nor anything else in Barnes is relevant to West's claims or to any other issue before the District Court or on appeal.

Second, West asserts that the court failed to apply Bivens. But the court explained why West's allegations do not give rise to a Bivens remedy, and West has neither acknowledged that explanation nor raised anything calling it into question. In any event,

---

[1] We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the dismissal of West's complaint. See Curry v. Yachera, 835 F.3d 373, 377 (3d Cir. 2016). We treat West's post-judgment motion to reopen the case and amend his complaint as one under Rule 60(b) rather than Rule 59(e) because West invoked Rule 60(b) and filed his motion beyond the deadline for filing a Rule 59(e) motion. See Ahmed v. Dragovich, 297 F.3d 201, 209 (3d Cir. 2002). We review the denial of that motion for abuse of discretion. See BLOM Bank SAL v. Honickman, 605 U.S. 204, 216 (2025); Garrett v. Wexford Health, 938 F.3d 69, 85 (3d Cir. 2019) (discussing Ahmed).

the court properly explained that West does not have a Bivens remedy because his allegations would extend Bivens to a new context and because the existence of alternative remedies counseled against doing so.  See Egbert v. Boule, 596 U.S. 482, 492-93 (2022).

Third, West asserts that it was unfair for the court to apply qualified immunity. But West does not address the court's holding in that regard—with which we agree—that he did not allege that the defendants had any involvement in the 2020 registration-related proceeding about which he complains.  He thus did not plausibly allege that they violated any federal law, clearly established or otherwise.

Fourth, West asserts that the court misapplied Heck.  Heck bars civil actions that necessarily imply the invalidity of a still-extant conviction or sentence.  See Heck, 512 U.S. at 486-87; see also Garrett v. Murphy, 17 F.4th 419, 426 (3d Cir. 2021) (noting that Heck applies to Bivens claims).  West argues that Heck does not apply because his conviction was not validly obtained.  But that argument merely proves the District Court's point, as do other arguments that West raises addressed to his conviction.  West's many challenges to his conviction have not succeeded, and he cannot raise what amounts to another such challenge in this civil action.  See Heck, 512 U.S. 486.[2]

Thus, we will affirm the dismissal of West's complaint.  We also will affirm the denial of his Rule 60(b) motion because he did not raise any valid ground for reopening under Rule 60(b).  For the same reason, the District Court need not have considered

---

[2] Dismissals under Heck should be without prejudice.  See Curry, 835 F.3d at 379.  The District Court dismissed West's entire complaint with prejudice, but we need not modify its order, cf. id., because dismissal of West's claims with prejudice was warranted for the other reasons discussed herein.

West's post-judgment request to amend.  See BLOM Bank, 605 U.S. at 213, 216.  We add that West's requested amendment would have been futile.  West did not seek to add any allegations tying the defendants to his 2020 registration-related proceeding.  Instead, he sought to assert claims addressed directly to the 2010 search of his residence and his 2010 arrest.  To the extent that these claims might not be barred by Heck, see, e.g., Heck, 512 U.S. at 487 n.7, they are long untimely under the applicable two-year statute of limitations as defendants argue and as West previously conceded in his complaint (ECF No. 1 at 4).  See Fisher v. Hollingsworth, 115 F.4th 197, 208 (3d Cir. 2024).

III.

For these reasons, we will affirm the judgments of the District Court.  West's motions are denied.