NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1920
_____

KARLESTER YOUNG,
                                                    Appellant

v.

KIP HALLMAN, President of Wellpath Holdings; PAUL NOEL, Chief Medical
Director; JOHN OR JANE DOE, Chief Assistant Medical Director; JOHN OR JANE
DOE HEPATITIS C TREATMENT COMMITTEE; BRITNAY HUNER; ANTHONY
LITIZIO; S. O'NEILL; MONIQUE SAVAGE; JEANNE DE FRANGESCO; CORINA
CAMPOS; STEPHAN KAMINSKI; VANESSA AMOAH OTI-AKENTEN; JAMIE
SORBER; THOMAS PANDURN; D. VARNER; KERI MOORE; JORGE DOMINICS;
JOHN E. WETZEL, GEORGE LITTLE, Secretary of the Pennsylvania Department of
Corrections, in their individual and official capacities; WELLPATH HOLDINGS, LLC
(Wellpath); PENNSYLVANIA DEPARTMENT OF CORRECTIONS, in their official
capacities

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:23-cv-00268)
District Judge:  Honorable Harvey Bartle, III

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 7, 2026
Before:  BIBAS, CHUNG, and BOVE, *Circuit Judges*

(Opinion filed April 13, 2026)

_____

OPINION[*]

_____

PER CURIAM

Appellant Karlester Young, a Pennsylvania state prisoner proceeding pro se and in forma pauperis, appeals from the District Court's dismissal of his civil rights complaint. Medical Appellees[1] have also filed a motion to dismiss that is before this Court. For the following reasons, the motion is granted, we dismiss the claims against those defendants, and we will otherwise affirm the District Court's judgment.

I.

Young was diagnosed with the Hepatitis C virus ("HCV") for the first time within the Pennsylvania Department of Corrections ("DOC") in 2012. In the years since, his regular blood tests have consistently shown an undetectable viral load of HCV—meaning he is considered cured, and no longer has chronic HCV. Young's complaint arises from the DOC's refusal, per those test results, to treat his HCV with direct-acting antiviral

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Young filed suit against several contract medical providers, the DOC, numerous DOC employees, Wellpath Holdings, LLC—the corporate healthcare provider at SCI-Phoenix—and several of its employees. Wellpath and its named employees constitute the "Medical Appellees."

2

drugs (DAADs), which are the recommended treatment for patients with chronic HCV.[2]

After filing his complaint, Young requested and was appointed counsel, who later withdrew. Prior to and following counsel's withdrawal, all named defendants filed motions to dismiss for failure to state a claim. Young was not appointed new counsel and proceeded pro se. On January 29, 2024, the District Court granted all pending motions to dismiss. Young timely filed two post-judgment motions, which the District Court denied. Young timely appealed.

## II.

We have jurisdiction under 28 U.S.C. § 1291. Our review of a District Court's decision to grant a Rule 12(b)(6) motion to dismiss for failure to state a claim is plenary, *see Curry v. Yachera*, 835 F.3d 373, 377 (3d Cir. 2016), and we review denials of

---

[2] Young refers to the standards for treatment of HCV set by the Center for Disease Control and American Association for the Study of Liver Diseases ("AASLD") in his filings. *See* ECF 3 at 27-29. He argues that the DOC's policy does not meet these standards because they recommend administering DAADs to anyone with chronic HCV. However, according to those same standards, because he has an undetectable viral load, Young does not currently have chronic HCV and is considered cured. *See* AASLD & Infectious Diseases Society of America, *When and in Whom to Initiate HCV Therapy* (2022), https://www.hcvguidelines.org/evaluate/when-whom; *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (explaining that courts may consider "a document integral to or explicitly relief upon in the complaint" at the motion to dismiss stage) (internal quotations omitted). Any confusion about whether Young has active HCV today may stem from the fact that HCV antibody tests only show whether a patient has *ever* been infected—the follow-up RNA test is used to determine whether an *active* infection requiring treatment exists by assessing viral load. *See* AASLD & Infectious Diseases Society of America, *HCV Testing and Linkage to Care* (2022), https://www.hcvguidelines.org/evaluate/testing-and-linkage.

motions for leave to amend for abuse of discretion. *See Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220 (3d Cir. 2011). We "accept all factual allegations as true and construe the complaint in the light most favorable to the plaintiff." *Curry*, 835 F.3d at 337.

Because Young is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). However, pro se litigants still must "abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). To present an issue for review, a litigant's opening brief must include, among other things, a statement of the issues, the legal argument explaining why the district court decided the issues incorrectly, and the facts and legal authorities supporting that argument. *See* Fed. R. App. P. 28(a). Thus, an appellant's failure to raise an issue in the opening brief, even when proceeding pro se, renders it forfeited. *See In re Wettach*, 811 F.3d 99, 115 (3d Cir. 2016).

In his complaint, Young raised claims for alleged violations of his rights under the Fourteenth Amendment Equal Protection Clause, Eighth Amendment, Fifth Amendment, and Fourth Amendment. He also raised state law negligence and medical malpractice claims. He raises three issues on appeal: (1) whether the District Court erred in considering evidence outside the scope of the pleadings; (2) the dismissal of his Eighth Amendment claims; and (3) the District Court's denial of leave to amend.

III.

4

Before turning to the merits of Young's appeal, we must first address Medical Appellees' motion to dismiss. This appeal was stayed in December after Wellpath entered bankruptcy proceedings. *See* 11 U.S.C. § 362. Medical Appellees now move to dismiss all claims against them, arguing that because Young did not opt out of the third-party release of claims in bankruptcy court by July 30, 2025, he is enjoined from taking any action, including the commencement, further prosecution of, or collection efforts against Medical Appellees. This is consistent with the language of the First Amended Joint Chapter 11 Plan of Reorganization of Wellpath Holdings, Inc. and Certain of its Debtor Affiliates. Young neither responded to the motion to dismiss nor addressed it in his reply brief. However, even if he had opposed the motion, the Bankruptcy Plan provides that the bankruptcy court retains jurisdiction over any issue with respect to the third-party releases. Thus, unless the bankruptcy court rules otherwise, Young is enjoined from pursuing this litigation against Medical Appellees. The motion to dismiss is granted.

IV.

Young argues that the District Court erred by considering evidence outside the scope of the pleadings in evaluating the motions to dismiss. The gist of his argument appears to be that the District Court improperly relied on the fact that Young has been told repeatedly by DOC medical staff that he has an undetectable viral load.

While Young challenges the dismissal of his Eighth Amendment claims for a variety of reasons, we discern no error in that ruling and agree with the District Court that

5

the defendants' refusal to administer DAADs to Young does not constitute cruel and unusual punishment in violation of the Eighth Amendment. To state an Eighth Amendment claim against prison officials for failure to provide basic medical treatment, Young must plausibly allege "(1) that the defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

Even assuming the physical symptoms Young is experiencing amount to a serious medical need absent a chronic HCV diagnosis, he has not plausibly alleged defendants' deliberate indifference. To the extent Young alleges any of the defendants are responsible for refusing to treat him, the defendants' refusal to provide Young's preferred treatment does not meet the relevant standard. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (explaining that "mere disagreement as to the proper medical treatment" is insufficient for establishing deliberate indifference) (quoting *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987)). And there are no indications that the DOC has otherwise refused to assess or treat these symptoms. Indeed, Young states that, after being told he would not be treated for HCV, he was encouraged to sign up for sick call if he felt ill. That Young may have been dissatisfied with the course of treatment he received is insufficient to establish an Eighth Amendment deliberate indifference claim. *See White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990). Therefore, the District Court properly dismissed these claims.

6

Finally, Young challenges the District Court's denial of his request for leave to amend his complaint. Considering the foregoing, it would be futile to grant Young leave to amend his complaint.[3] The District Court therefore did not abuse its discretion in denying the request. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

Accordingly, we grant the Medical Appellees' motion to dismiss and dismiss the appeal as to them, and otherwise we will affirm the District Court's judgment.

---

[3] We also note that, at the outset of the case, Young was granted an extension of time to move for leave to amend. However, instead of filing an amended complaint, Young opposed the motions to dismiss.