**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1513
_____

JOHN F. KODENKANDETH,
                                                            Appellant

v.

UPMC HEALTH PLAN, INC. d/b/a UPMC for Life; UPMC CORPORATE HOLDING
CO.; UNIVERSITY OF PITTSBURGH PHYSICIANS; MAXIMUS d/b/a Maximus
Federal Services; SECRETARY DEPARTMENT OF HEALTH AND HUMAN
SERVICES
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:23-cv-02049)
District Judge: Honorable Christy Criswell Wiegand
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 10, 2026
Before:  KRAUSE, RESTREPO, and PORTER, *Circuit Judges*

(Opinion filed June 1, 2026)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se Appellant John Kodenkandeth appeals the District Court's order dismissing his amended complaint with prejudice. We will affirm the judgment as modified.

I.

This case arises out of two disputed claims for Medicare benefits. In the first dispute, Kodenkandeth, a Medicare Advantage plan enrollee, was denied a refund of his $45 co-pay after visiting a specialist. An Administrative Law Judge dismissed the case because Kodenkandeth did not meet the requisite amount in controversy, and the Medicare Appeals Council affirmed the decision. In the second dispute, Kodenkandeth was denied a request to obtain hearing aids out-of-network. The Medicare Appeals Council agreed with the Administrative Law Judge that Kodenkandeth's plan was not required to pay for out-of-network hearing aids.

Subsequently, Kodenkandeth filed a complaint in the Allegheny County Court of Common Pleas ("State Court") against the Secretary of the Department of Health and Human Services ("HHS") and other defendants involved in his Medicare claims. Kodenkandeth alleged that the defendants violated various state and federal laws when administering and adjudicating his benefits claims.

The HHS Secretary removed the case to the United States District Court for the Western District of Pennsylvania. Kodenkandeth moved to remand the case to State Court, arguing that the District Court lacked subject matter jurisdiction, and that the notice of removal was defective. The District Court denied the remand motion.

2

The defendants then moved to dismiss Kodenkandeth's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The District Court determined that Kodenkandeth's claims arose under the Medicare Act and that the Court lacked subject matter jurisdiction because Kodenkandeth failed to meet that Act's amount-in-controversy requirement. The District Court granted Kodenkandeth leave to amend some of his damage claims, but after amendment, it dismissed the amended complaint with prejudice. Kodenkandeth timely appealed.[1]

## II.

Kodenkandeth's claims, though stylized as violations of state and federal law, were in essence challenges to the administrative appeals decisions. The Medicare Act provides an administrative review scheme through which enrollees like Kodenkandeth can dispute their benefits determinations. *See* 42 U.S.C. § 1395w-22(g). After completing the administrative review process, *see* 42 C.F.R. § 422.562(b), an enrollee may seek judicial review "in a district court of the United States" if "[t]he amount in controversy meets the threshold requirement," 42 C.F.R. § 422.612; 42 U.S.C. §§ 1395w-22(g)(5), 405(g). Kodenkandeth's threshold amount-in-controversy requirement was $1,850. *See* 42 U.S.C. § 1395w-22(g)(5); 87 Fed. Reg. 59437-01 (Sep. 30, 2022).

The amount in controversy "is computed as the actual amount charged the individual for the items and services in the disputed claim, reduced by" any payments already made for the items or services and any deductible or coinsurance amounts to be

---

[1] We have jurisdiction under 28 U.S.C. § 1291.

collected for those items or services. 42 C.F.R. § 405.1006(d); *see also* 42 C.F.R.

§ 422.612(c) (incorporating Section 405). Kodenkandeth did not sufficiently claim in

good faith that the coverage decisions involved an amount in controversy of at least

$1,850, either individually or in the aggregate.[2] *See St. Paul Mercury Indem. Co. v. Red*

*Cab Co.*, 303 U.S. 283, 288–89 (1938); 42 U.S.C. §§ 1395w-22(g)(5), 1395ff(b)(1)(E).

Although Kodenkandeth broadly concluded that he incurred damages "exceed[ing]

$1805," his specific factual allegations revealed otherwise. Kodenkandeth pleaded only

that he was charged $45 for the co-pay and paid "more than $300 to the Medicare

Advantage plan." Kodenkandeth theorized that he could be responsible for paying $9,500

if he purchased hearing aids costing $10,000, but nothing in his pleadings suggested that

he was ever liable for $9,500, and he never specified how much his hearing aids

ultimately cost him—only that he was denied coverage for hearing aids costing less than

$400.

---

[2] To the extent that Kodenkandeth's complaint attempted to raise claims independent from his Medicare appeals, he does not meaningfully dispute the District Court's determination that all his claims "[arose] under" the Medicare Act, and he failed to plead that he exhausted any such claims through the proper administrative channels. *See Temple Univ. Hosp., Inc. v. Sec'y U.S. Dep't of Health & Hum. Servs.*, 2 F.4th 121, 124 (3d Cir. 2021) ("[T]he Medicare Act channels reimbursement disputes through administrative adjudication as a near-absolute prerequisite to judicial review."); *see also Alvarado Hosp., LLC v. Price*, 868 F.3d 983, 991 (Fed. Cir. 2017) (stating that "the Supreme Court has construed the 'arising under' language broadly"); *Glob. Rescue Jets, LLC v. Kaiser Found. Health Plan, Inc.*, 30 F.4th 905, 914 (9th Cir. 2022) (concluding that the administrative exhaustion requirement applies to claims for benefits under the Medicare Advantage program).

Accordingly, we will affirm the District Court's judgment dismissing Kodenkandeth's claims for lack of jurisdiction, but as modified so that the dismissal is without prejudice. *See N.J. Physicians, Inc. v. President of U.S.*, 653 F.3d 234, 241 n.8 (3d Cir. 2011); *Curry v. Yachera*, 835 F.3d 373, 379–80 (3d Cir. 2016). We have considered Kodenkandeth's remaining arguments and concluded that they are either forfeited or without merit.[3] So we will affirm the District Court's judgment as modified.[4]

---

[3] For example, Kodenkandeth challenges not just the District Court's dismissal of his amended complaint, but also the District Court's decision to deny his motion to remand his case to State Court. Notwithstanding any alleged errors that may have occurred in removal, the harmless error principle applies. *See* 28 U.S.C. § 2111. Any error in denying Kodenkandeth's motion to remand was harmless because the administrative appeal decisions were reviewable only in federal court, and Kodenkandeth did not sufficiently plead that any other claims that he purported to bring independently of the Medicare appeals were properly administratively channeled. *See* 42 U.S.C. § 1395w-22(g)(5); 42 C.F.R. § 422.612; *Hosp. Amerimed Cancun S A DE C V v. Martin's Point Health Care, Inc.*, 149 F.4th 82, 89 (1st Cir. 2025); *Temple*, 2 F.4th at 127–28.

[4] Kodenkandeth's motion for leave to commence discovery is denied.